# United States Bankruptcy Court
### District of Vermont

In re  *Joseph H Commo*
*Nancy A Commo*      Case No. **08-10894**
Debtor(s)      Chapter **13**

## CHAPTER 13 PLAN

FIRST PLAN     Dated: **October 10, 2008**

**1. Payments to the Trustee.**

The debtor shall pay to the Chapter 13 Trustee **$742.00** per month for **48** months, for a total of **$35,616.00**.

Payments to the trustee shall be made in the following manner: **direct**.

If by employer deduction, the following amounts will be deducted from the following employers:

**Debtor's Employer:** _____ **Spouse's Employer** _____

**2. Disbursements to Creditors Through Plan.** After confirmation of the Plan, the Chapter 13 Trustee shall make disbursements to creditors as follows:

**A. Priority Claims.**

| | | |
|---|---|---|
| **Debtor's Attorney** | *Todd Taylor* | $1,000.00 |
| **Internal Revenue Service** | *-NONE-* | |
| **Vermont Dept of Taxes** | *-NONE-* | |
| **Administrative Claim** | *-NONE-* | |
| **Support Creditor** | *-NONE-* | |
| **Other** | *-NONE-* | |
| | **Total to be Paid to Priority Creditors:** | $1,000.00 |

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

B. **Secured Claims.**

**Monthly payments on secured claims in which the entire claim is being paid through the plan shall be made in equal monthly amounts as follows and shall be paid concurrently with administrative claims, including attorney's fees. The term of payment for the following claims is based on a payment schedule of __48__ months.**

| Creditor | Type of Claim | Collateral | Value | Principal | Interest | Int. Rate | Monthly Payment |
|---|---|---|---|---|---|---|---|
| *CitiMortgage* | *First Mortgage arrears* | *Residence located at 218 Gagne Road, Highgate, VT, purchased 1991, 3.11 acres gifted to Debtors 1991; built home on property in 1997; grand list value is $237,100 but nationally house prices are down 10%, and we believe that number is even* | *$217,000.00* | *$15,000.00* | *$0.00* | *0.00%* | *$312.50* |
| *Vermont Federal Credit Union* | *Second Mortgage arrears* | *Residence located at 218 Gagne Road, Highgate, VT, purchased 1991, 3.11 acres gifted to Debtors 1991; built home on property in 1997; grand list value is $237,100 but nationally house prices are down 10%, and we believe that number is even* | *$217,000.00* | *$500.00* | *$0.00* | *0.00%* | *$10.42* |
| *Town of Highgate* | *Property Taxes 2007* | *Residence located at 218 Gagne Road, Highgate, VT, purchased 1991, 3.11 acres gifted to Debtors 1991; built home on property in 1997; grand list value is $237,100 but nationally house prices are down 10%, and we believe that number is even* | *$217,000.00* | *$2,123.00* | *$223.72* | *5.00%* | *$48.89* |

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037　　　　Best Case Bankruptcy

| Creditor | Type of Claim | Collateral | Value | Principal | Interest | Int. Rate | Monthly Payment |
|---|---|---|---|---|---|---|---|
| *Town of Highgate* | *Property Taxes 2008* | *Residence located at 218 Gagne Road, Highgate, VT, purchased 1991, 3.11 acres gifted to Debtors 1991; built home on property in 1997; grand list value is $237,100 but nationally house prices are down 10%, and we believe that number is even* | *$217,000.00* | *$2,177.00* | *$229.24* | *5.00%* | *$50.13* |
| | | **Totals to be Paid to Secured Claims:** | | **$19,800.00** | **$452.96** | | **$421.94** |

**Debtor surrenders the following collateral.  Upon entry of the confirmation order, the stay is lifted as to the surrendered collateral.**

| Creditor | Collateral to be Surrendered |
|---|---|
| *-NONE-* | |

### C. Unsecured Claims

Allowed, non-priority claims shall be paid a total dividend of  **$8000  to $10,801.44**   to be distributed pro rata. In the event that the creditors in this case file claims in the amounts scheduled in the petition, and those claims are allowed for the scheduled amounts, the percentage dividend will be about **22 to 26%** .

In the event that the total of the allowed claims is less than the total of the scheduled claims, the actual percentage dividend will be higher. In the event that the total of the allowed claims is greater than the total of the scheduled amounts, the actual percentage will be lower. In order to determine the actual amount of the percentage dividend to be paid to unsecured creditors, creditors may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

## 3. Curing Defaults and Maintaining Payments

**Direct Payments to the Debtor Will Make to Creditors Outside of Plan**.  The debtor shall pay the following monthly payments directly to the creditor and not the Chapter 13 Trustee.

| Creditor | Type of Payment | Amount of Monthly Payment |
|---|---|---|
| *CitiMortgage* | *First Mortgage* | *contract rate* |
| *Harley Davidson Credit* | *Security Agreement* | *contract rate* |
| *Vermont Federal Credit Union* | *Second Mortgage* | *contract rate* |

## 4. Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed.

| Creditor | Property Description/Treatment by Debtor |
|---|---|
| *-NONE-* | |

5. **Trustee's Fees.**

   The Chapter 13 Standing Trustee's percentage fees shall be calculated per order of the Executive Office of the United States Trustee on all disbursements through the Plan. The maximum percentage shall be 10% of the disbursements to creditors in the Plan. For any disbursements during a period at which the applicable percentage is less than 10%, the dividend to unsecured creditors shall increase by the amount of any reduction in trustee's fees below the 10% maximum.

6. **Other Provisions.**

   a. Property of the Estate shall revest in the debtor upon completion of Plan payments by the debtor.

   b. Secured creditors and lessors who are continuing to receive direct payments from the debtor shall mail informational statements, notices or coupons to the debtor in conformance with the local rules of this District.

   c. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of     the underlying debt determined under nonbankruptcy law; or discharge under § 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

   d. Other

7. **Liquidation Analysis**.

| | |
|---|---|
| Property of the Estate | *$263,198.00* |
| Property Subject to Secured Claims | *$143,941.00* |
| Exempt Property | *$115,522.00* |
| Non Exempt Property | *$147,676.00* |
|     Estimated Chapter 7 Costs of Sale | *$0.00* |
|     Estimated Chapter 7 Trustee's Fees | *$0.00* |
|     Estimated Chapter 7 Other Cost | *$0.00* |
| Total Chapter 7 Administrative Costs | *$0.00* |
| Priority Claims | *$1,000.00* |
| Unsecured Claims | *$42,079.00* |
| Available to Unsecured Creditors in Chapter 7 | *$3,735.00* |
| Estimated Dividend to General Unsecured Creditors in Chapter 7 | *9%* |

8. **Plan Payment Summary**.

| | |
|---|---|
| Plan Term | *48* |
| Monthly Plan Payment | *$742.00* |
| Total to be Paid to the Chapter 13 Trustee | *$3,561.60* |
| Total to be Paid to Priority Claims | *$1,000.00* |
| Total Principal to be Paid to Secured Claims | *$19,800.00* |
| Total Interest to be Paid to Secured Claims | *$452.96* |
| Trustee's Percentage Fee | *10%* |
| Total to be Paid to Unsecured Creditors | *$8000 to $10,801.44* |
| Anticipated % Dividend to Unsecured Creditors in Plan | *22 to 26%* |

The debtors, by their signatures below, affirm that they have read this Plan and understand its terms, and also affirm that to the best of their knowledge and belief:

    a.   the term of this plan is consistent with the minimum commitment period required by the means test and form B22C filed in this case;

    b.   the debtor will be able to make all of the payments under the Plan and to comply with the Plan;

    c.   the debtor has filed his petition in good faith;

    d.   the debtor has paid all amounts required to be paid under a domestic support obligation and that became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

    e.   the debtor has filed all applicable Federal, State, and local tax returns as required by §1308.

    f.   Mortgagee shall respond to any RESPA requests during the life of the Plan.  Property taxes paid inside the Plan are for 2007 and 2008.  No more than the 5% interest can be assessed by the Town; no further interest or penalties.  Mortgage payments shall resume in November 2008.  PLan can be extended to 60 months if necessary to effectuate purposes of the Plan.

Date  **October 10, 2008**      Signature  **/s/ Joseph H Commo\***
                                 **Joseph H Commo**
                                   Debtor

Date  **October 10, 2008**      Signature  **/s/ Nancy A Commo\***
                                   **Nancy A Commo**
                                   Joint Debtor

Attorney  **/s/ Todd Taylor**
            **Todd Taylor**

\*Plan provisions were verbally reviewed with the Debtors, although Debtors actually have not seen the Plan.  Attorney has authority to file with their signatures.

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy